```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
INSOLVENCY SERVICES GROUP, INC.,    :
                                    :
                Plaintiff,          :
                                    :     20 Civ. 8179 (VM)
     - against -                    :
                                    :
SAMSUNG ELECTRONICS AMERICA, INC.   :
and DOES 1 THROUGH 10,              :     DECISION AND ORDER
                                    :
                Defendants.         :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/8/2021

**VICTOR MARRERO, United States District Judge.**

Plaintiff Insolvency Services Group ("ISG" or "Plaintiff") brings this action against Samsung Electronics America, Inc. ("Samsung" or "Defendant"), alleging two causes of action stemming from Defendant's receipt of payments from CVE Technology Group, Inc. ("CVE"). (See "Amended Complaint," Dkt No. 12).

Now before the Court is Defendant's premotion letter for dismissal of the Amended Complaint (see "Motion," Dkt. No. 15.), which the Court construes as a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] For the reasons discussed below, Defendants' Motion is DENIED.

## I.   BACKGROUND

---

[1] See Kapitalforeningen Lægernes Invest. v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (affirming the district court ruling deeming an exchange of letters as a motion to dismiss).

1

A.   FACTS AND PROCEDURAL BACKGROUND[2]

Plaintiff ISG is the assignee for the benefit of creditors of CVE, an insolvent corporation that at the time of assignment owed its creditors over $30 million. CVE's October 2, 2019 assignment to Plaintiff created an assignment estate, the "ABC Estate," which Plaintiff now administers.

Between July 3, 2019 and October 1, 2019, CVE transferred $1,483,639.91 to Defendant Samsung to satisfy debts CVE owed to Defendant. Plaintiff alleges these amounts were "improperly and/or preferentially paid" to Samsung. (Amended Complaint ¶ 13.)

On October 1, 2020, Plaintiff filed the instant action seeking to recover the $1,483,639.91 paid to Samsung which, if recovered, is to be distributed among CVE's various unsecured creditors. On November 12, 2020, Plaintiff filed its Amended Complaint. The Amended Complaint brings two causes of action: (1) the recovery of preferential transfers under California Code of Civil Procedure § 1800 ("Section 1800") and (2) money-had-and-received/unjust enrichment.

---

[2] The factual background below, except as otherwise noted, derives from the Amended Complaint and the facts pleaded therein, which the Court accepts as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir. 2008) (citing GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995)); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Except when specifically quoted, no further citation will be made to the Amended Complaint or the documents referred to therein.

By letter dated January 20, 2021, Defendant filed the present Motion, attaching the parties premotion correspondence in accordance with the Court's individual rules. On February 1, 2021, Plaintiff filed its opposition to the Motion. (See "Opposition," Dkt. No. 17.)

B.   THE PARTIES' ARGUMENTS

Defendant argues that (1) Plaintiff's claim under Section 1800 is preempted by the federal bankruptcy code (the "Code") as held in Sherwood Partners, Inc. v. Lycos, Inc., 394 F.3d 1198 (9th Cir. 2005); (2) Plaintiff's claim under Section 1800 fails because the transfers were not made for, or on account of, an antecedent debt; and (3) equitable claims for return of the transfers fail because Samsung was not unjustly enriched.

Plaintiff responds that (1) Section 1800 is not preempted by the Code because Sherwood either does not apply, is distinguishable, or was wrongly decided; (2) Samsung's presented evidence does not disprove Plaintiff's claim under Section 1800; and (3) the money-had-and-received claim is sufficiently pled.

II.   **STANDARD OF REVIEW**

"To survive a motion to dismiss [pursuant to Federal Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The task of the Court in ruling on a motion to dismiss is to "assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig., 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted). The Court must accept all well-pleaded factual allegations in the Complaint as true and draw all reasonable inferences in Plaintiffs' favor. See Chambers, 282 F.3d at 152 (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2011)).

### III. DISCUSSION

A. PREEMPTION

Defendant argues that Section 1800 is preempted by the Bankruptcy Code. Preemption is an affirmative defense that normally must be affirmatively pled in the defendant's answer to the complaint. But the Court may consider such a defense

4

for purposes of a Rule 12(b)(6) motion if that defense appears on the face of the complaint. See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 158 (2d Cir. 2003); Pan i v. Empire Blue Cross Blue Shield, 152 F.3d 67, 74 (2d Cir. 1998).

Here, the Court will consider the affirmative defense because it is clear based on the face of the complaint that preemption may apply. Color Tile, 322 F.3d at 158. However, the Court is not persuaded that Section 1800 is preempted by the Code.

In its argument for preemption, Defendant relies entirely on Sherwood Partners, a Ninth Circuit opinion that held that Section 1800 was preempted because it was "inconsistent with the enactment and operation of the federal bankruptcy system." 394 F.3d at 1206. But this Court is not bound by the Sherwood decision, and although Sherwood has not been overturned, the weight of authority following Sherwood is critical of its holding. For example, the court in Ready Fixtures Co. v. Stevens Cabinets noted that "[t]he problems with the Sherwood decision are manifold." 488 F. Supp. 2d 787, 790-91 (W.D. Wis. 2007) (citing both academic and judicial sources arguing that Sherwood Partners rests on multiple misunderstandings of relevant precedents). Indeed, several California courts have subsequently held that Section

5

1800 is not preempted by the Code. E.g., Haberbush v. Charles & Dorothy Cummins Family Ltd. P'ship, 139 Cal. App. 4th 1630, 1637 (2006) ("We are constrained to disagree with the analysis in Sherwood Partners, as we find it impossible to conclude that Code of Civil Procedure section 1800 is inconsistent with 'the essential goals and purposes of federal bankruptcy law.'").

The Court agrees with these other courts and finds that Section 1800 is not preempted by the Bankruptcy Code. Federal regulation should not be deemed preemptive of state regulation absent "persuasive reasons—either that the nature of the regulated subject matter permits no other conclusion, or that the Congress has unmistakably so ordained." Fl. Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132, 142 (1963). But here, there is a long history of state laws permitting the recovery of voluntary transfers coexisting with the Code. See Pobreslo v. Joseph M. Boyd Co., 287 U.S. 518, 526 (1933) (noting that statutes allowing for the recovery of preferential transfers were "quite in harmony" with the Code). Indeed, Section 1800 is virtually identical to the Code's corresponding recovery of voluntary transfers provision. See 11 U.S.C. § 547(b); see also Angeles Electric Co. v. Superior Court, 27 Cal. App. 4th 426, 430-31 (1994). And, the Code expressly makes state law on avoiding voluntary

transfers, like Section 1800, available to a trustee in a federal proceeding. See 11 U.S.C. § 544(b). Thus, in this case, the regulatory schemes work in tandem, and there is no conflict between Section 1800 and the Code such that preemption would apply.

B.   FAILURE TO STATE A CLAIM

As to Defendant's two remaining arguments, the Court finds that both the Section 1800 and the money-had-and-received claims are sufficiently pled under Rule 12(b)(6).

First, for the Section 1800 claim, the Amended Complaint plausibly states a claim for a preferential transfer that may be set aside under Section 1800. Section 1800 entitles a plaintiff to set aside or reclaim a preferential payment made to one creditor on account of an antecedent debt if that creditor thereby received more than it was otherwise entitled to receive. See Section 1800(b). Plaintiff adequately pleads the existence of payments, for or on account of an antecedent debt, made while insolvent and within ninety days of the general assignment for the benefit of creditors, and Plaintiff adequately alleges Samsung received more than another creditor of the same class. (Amended Complaint ¶¶ 11-13.) This is sufficient to survive Defendant's Motion.[3]

---

[3] The Court notes that Defendant's evidence does seem to suggest that the payments may not have been made on account of an antecedent debt, but

7

Second, and for largely the same reasons, the Court is not persuaded that dismissal of Plaintiff's money-had-and-received claim is appropriate at this time. The Court notes that there is some dispute between the parties as to whether the transfers were made for goods actually shipped to CVE, as opposed to another entity, Phoenix Technologies, LLC. (<u>See</u> Opposition at 3.) Thus, it is at least plausible that Samsung received payment for goods not actually shipped to, or for the benefit of, CVE such that equity would require the Court to set aside the transfers.

Again, the Court notes that if the evidence shows that Defendant did receive payments in exchange for goods of equivalent value this claim will likely not survive. The Court can readdress the sufficiency of this claim when appropriate. However, on the facts as currently pled, the Court is unable to find conclusively that there were payments made in exchange for goods of equivalent value. Therefore, the money had and received claim survives the motion to dismiss.

C.  <u>Amendment</u>

In its opposition, Plaintiff requests leave to file a Second Amended Complaint, which alters certain factual allegations and includes a new claim under New York Debtor

---

this evidence is neither considered nor credited on a motion to dismiss, and the Court can revisit the sufficiency of the claim when appropriate.

and Creditor Law. The Court now directs Plaintiff to file this Second Amended Complaint by March 26, 2021. Defendant is directed to answer the Second Amended Complaint by April 23, 2021.

## IV.  CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the Motion (Dkt. No. 15) of defendant Samsung Electronics America, Inc. is **DENIED,** and it is further

**ORDERED** that the parties shall file subsequent papers in accordance with the schedule laid out in Section III, C.

**SO ORDERED.**

Dated: New York, New York
       08 March 2021

_____
Victor Marrero
U.S.D.J.